1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                               * * * * *

9   KORY GARVER, as the natural father and     )
    legal guardian of AMIE GARVER, a minor,    )
10                                             )          3:09-CV-00463-LRH-RAM
                             Plaintiff,        )
11                                             )
    v.                                         )
12                                             )          <u>ORDER</u>
    WASHOE COUNTY, a political subdivision     )
13  of the State of Nevada; DENA NEGRON,       )
    individually and in her capacity as social )
14  worker for WASHOE COUNTY; JULE            )
    BRANDT, individually and in her capacity as )
15  social worker for WASHOE COUNTY;           )
    SHOSHONE TRIBAL POLICE; DOES 1-10,         )
16                                             )
                             Defendants.       )
17                                             )
                                               )
18  _____ )

19          Before the court is Defendants Washoe County, Dena Negron, and Jule Brandt's

20  Renewed Motion to Dismiss (#24[1]).  Plaintiff Kory Garver, as the natural father and legal

21  guardian of Amie Garver, a minor, has filed an opposition (#27) to which Defendants replied

22  (#28).

23          The court has reviewed the parties' briefs and notes that many of the arguments contained

24  therein rely on facts not alleged in the complaint.  Because, when reviewing a motion to dismiss,

25  the court does not consider facts outside the pleadings, this evidence is not properly before the

26  court.   The appropriate vehicle for the presentation of such evidence is a motion for summary

27

28  _____
                [1]Refers to the court's docket entry number.

1   judgment under Federal Rule of Civil Procedure 56.[2]

2       To the extent that the motion to dismiss does not rely on evidence outside of the

3   pleadings, the court will deny the motion.  In particular, the court notes that, with regard to

4   Plaintiff's claim against Washoe County, viewing the complaint in the light most favorable to

5   Plaintiff, the claim stems from the conduct of Washoe County employees allegedly acting

6   pursuant to an official policy, custom, or practice.  In the Ninth Circuit, a claim of municipal

7   liability under § 1983 is sufficient to withstand a motion to dismiss "even if a the claim is based

8   on nothing more than a bare allegation that the individual officers' conduct conformed to official

9   policy, custom, or practice."  *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986).

10  Accepting Plaintiff's factual allegations as true, the court finds that Plaintiff has stated a claim

11  upon which relief can be granted against Washoe County.

12      As to Defendants' contention that the individual defendants are entitled to qualified

13  immunity, the Ninth Circuit has repeatedly held that a "family's rights were violated if the

14  children were removed absent an imminent risk of serious bodily harm."  *Rogers v. County of*

15  *San Joaquin*, 487 F.3d 1288, 1297 (9th Cir. 2007) (finding the law clearly established that, unless

16  there is evidence of imminent danger of serious bodily injury and the scope of the intrusion is

17  reasonably necessary to avert the injury, a child cannot be removed from the home without prior

18  _____

19      [2]Defendants ask the court to take judicial notice of a juvenile dependency action concerning
    Amie's removal from her parents currently pending before the Second Judicial District Court in Washoe
20  County, Nevada.  As the case before the Second Judicial District Court is directly related to the matter at
    issue in this case, the court will take judicial notice of the protective custody hearing held on May 21,
21  2009, during which the court granted the government's request for protective custody.  *See United States*
    *ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (citations
22  omitted).  The court notices this action only for its existence and not for the truth of any disputed facts
    found therein.  *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2003) *(*quoting
23  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)) (noting the court can only take judicial
    notice of these documents for the "limited purpose of recognizing the 'judicial act' that the order
24  represents on the subject matter of litigation.").
        Defendants urge the court to accept as true various facts that are allegedly undisputed in the state
25  court action.  However, as noted, the court cannot take judicial notice of such facts, and can only take
    judicial notice of court orders and filings for the "limited purpose of recognizing the judicial act that the
26  order represents on the subject matter of the litigation."  *Neilson*, 290 F. Supp. 2d at 1112 (citation
    omitted).
27

28

judicial authorization).  Thus, if, as Plaintiff alleges, the individual defendants removed Amie absent an imminent risk of serious bodily harm, Defendants' conduct would have violated clearly established law.[3]

Finally, the court rejects Defendants' abstention and issue preclusion arguments.  The action pending in state court concerns whether Amie Garver should be returned to her parents under Nevada law and does not involve the constitutional issues presented here.

The court can resolve the parties' remaining arguments only by considering facts beyond the scope of the pleading.  Should Defendants continue to seek dismissal of Plaintiff's claims, Defendants should file a motion for summary judgment.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (##7, 12) are DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Dismiss (#24) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3]Defendants' reliance on *Greene v. Camreta*, 588 F.3d 1011 (9th Cir. 2009) is unavailing, as that case involved the in-school seizure of a suspected child abuse victim.  The case now before the court appears to involve the "exigent circumstances" exception to the warrant requirement discussed in *Rogers*, rather than the "special needs" exception addressed in *Greene*.

The court recognizes that Amie was removed from a public area instead of her home.  The parties, however, have not cited to authority indicating how this distinction may affect this case.  Should Defendants wish to provide such authority and supporting argument in a motion for summary judgment, the court will consider it.

Finally, the court notes that it requires additional facts to determine whether the individual defendants acted reasonably under the circumstances presented to them.  As such, this order does not preclude Defendants from arguing, based on the evidence, that the individual defendants acted reasonably but mistakenly, entitling them to qualified immunity.